Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| Katiria Tolentino Serrano<br><br>*Recurrido*<br><br><br>v.<br><br><br>Carlos E. Rodríguez Fantauzzi<br><br>*Recurrente* | KLRA202500234 | Revisión Administrativa procedente del Departamento de la Familia, Administración para el Sustento de Menores (ASUME) Sala Administrativa de Humacao<br><br>Caso Núm.:<br>0588852<br><br>Sobre:<br>Alimentos (Revisión) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2025.

Comparece ante nos, el señor Carlos E. Rodríguez Fantauzzi (señor Rodríguez o recurrente), mediante recurso de *Revisión Administrativa* y solicita la revocación de la *Resolución*[1] emitida el 17 de marzo de 2025 y notificada el 19 de marzo de 2025, por la Administración de Sustento de Menores (ASUME o agencia recurrida). En el referido dictamen, la ASUME dejó sin efecto una pensión alimentaria mensual de trecientos treinta y cuatro dólares con seis centavos ($334.06) y restituyó una orden de alimentos semi mensual de doscientos treinta y nueve dólares con cincuenta y cinco centavos ($239.55).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, ***desestimamos*** el recurso presentado por falta de jurisdicción.

---

[1] Apéndice I del recurso de *Revisión Administrativa*, págs. 1-10.

Número Identificador

SEN2025_____

**I.**

Según surge del expediente, el 27 de marzo de 2024, el recurrente presentó ante la ASUME una petición de modificación de pensión alimentaria de doscientos treinta y nueve dólares con cincuenta y cinco centavos ($239.55) semi mensual efectiva al 24 de junio de 2019. Posteriormente, el 16 de abril de 2024, la agencia recurrida emitió una notificación de alegación de revisión y modificación de pensión alimentaria, en la cual indicó que el señor Rodríguez solicitó una rebaja de la pensión, pues se encontraba desempleado y en proceso de incapacitación ante la administración del seguro social.

Así pues, a la señora Katiria Tolentino Serrano (señora Tolentino o recurrida) se le notificó el proceso mediante el documento de notificación enviado por correo certificado a su dirección postal. Consecuentemente, ambas partes comparecieron al procedimiento ante la ASUME y radicaron una Planilla de Información Personal y Económica (PIPE).

Tras varios incidentes procesales, el 24 de mayo de 2024, la agencia recurrida emitió una *Resolución Sobre Revisión o Modificación de Pensión Alimentaria,* en la cual ordenó una pensión de trescientos treinta y cuatro dólares con cuatro centavos ($334.04) mensual efectiva desde el 27 de marzo de 2024.

Inconforme, el 10 de junio de 2024, la señora Tolentino solicitó reconsideración sobre el dictamen antes mencionado y, a su vez, descubrimiento de prueba. Esto, debido a que alegadamente el recurrente ocultaba sus ingresos, toda vez que, ostentaba un negocio propio. Evaluada tal solicitud, se acogió la misma como una revisión, se autorizó el descubrimiento de prueba y se citó a las partes para una vista administrativa el 26 de septiembre de 2024. Llegado el día de la vista, la señora Tolentino se personó a la misma, mientras que, el recurrente no compareció. Como una gestión

adicional a la expectativa oportuna de las partes, previo a la hora citada y posterior, el alguacil de la sala le hizo unas llamadas al señor Rodríguez, pero no hubo respuesta. Siendo así, los procedimientos continuaron en su ausencia.

Así las cosas, el 30 de octubre de 2024, la agencia recurrida emitió una *Orden* en la cual le solicitó al recurrente mostrar causa por la cual no respondió el interrogatorio cursado por la recurrida y por su incomparecencia a la vista del 26 de septiembre de 2024. A su vez, se le apercibió que, de incumplir con lo antes solicitado, se dispondría del caso y se podría dejar sin efecto la resolución emitida el 24 de mayo de 2024. Finalmente, se le concedió término hasta el 20 de noviembre de 2024 para que cumpliera con la *Orden*, pero este la incumplió.

Es por lo anterior que, el 17 de marzo de 2025[2], la ASUME emitió una Resolución y dispuso lo siguiente:

> Se declara Ha Lugar el recurso de Revisión ante la Sala Administrativa, Por consiguiente, se deja sin efecto la orden de alimentos determinada en la *RESOLUCIÓN* SOBRE *REVISIÓN* O *MODIFICACIÓN DE PENSIÓN ALIMENTARIA*, emitida el 24 de mayo de 2024, en la que se ordenó una pensión de $334.06 mensual efectiva desde el 27 de marzo de 2024. Por ende, se determina que se restituye la orden de alimentos de $239.55 semi mensual que fue efectiva desde el 24 de junio de 2019.

Inconforme, el 21 de abril de 2025, la parte recurrente presentó el recurso ante nuestra consideración y le imputó a la agencia recurrida los siguientes señalamientos de error:

> PRIMER ERROR: Erró la ASUME al llevar un procedimiento de vista administrativa sin la debida notificación a la persona no custodia.

> SEGUNDO ERROR: Erró la ASUME al considerar nueva prueba abriendo un descubrimiento de prueba en la etapa de Reconsideración ante la Sala Administrativa, proceso que debe considerar lo que ya previamente fue considerado por la ASUME ante su especialista en el proceso de Revisión y Modificación.

Examinado el recurso ante nuestra consideración, prescindimos de la comparecencia de la parte recurrida, según nos

---

[2] Notificada el 19 de marzo de 2025.

faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[3] y procedemos a emitir nuestro dictamen. Esto, con el fin de lograr el más justo y eficiente despacho de la presente causa de acción.

**II.**

**-A-**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración[4]. La jurisdicción se refiere al "poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí"[5]. Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay[6]. En ese sentido, los foros judiciales tenemos el deber ineludible de atender con preferencia los asuntos concernientes a la jurisdicción[7]. Esto, pues, "[u]na vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la desestimación inmediata del recurso"[8].

Es norma reiterada que, para adjudicar un caso, los foros judiciales de Puerto Rico deben tener jurisdicción sobre la materia, así como sobre las partes litigiosas[9]. La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal"[10]. Es el Estado el único que puede, a través de sus leyes, privar a un tribunal de jurisdicción sobre la materia, ya sea por disposición expresa o por implicación necesaria[11]. La falta de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

---

[3] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[4] *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).
[5] *R&B Power. Inc. v. Junta de Subasta ASG*, 213 DPR 685, 685 (2024).
[6] *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022).
[7] *R&B Power. Inc. v. Junta de Subasta ASG, supra.*
[8] *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).
[9] *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023).
[10] J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 1.ra ed., Colombia, 2010, pág. 25.
[11] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023).

(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción ; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio[12].

En resumen, los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia[13].

Pertinente a la controversia que nos ocupa, el Artículo 11-A de la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5 del 30 de diciembre de 1986, según enmendada, conocida como la Ley Especial de Sustento de Menores (Ley de ASUME)[14] provee para el procedimiento administrativo expedito de la revisión judicial. En lo particular establece lo siguiente:

[…]

[L]a parte adversamente afectada podrá, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o decisión final del Juez Administrativo, presentar una solicitud de revisión ante el Tribunal de Apelaciones. **Será requisito jurisdiccional para poder acudir en revisión judicial, haber solicitado oportunamente la reconsideración de la orden de la cual se recurre**[15].

[…]

**III.**

En el caso ante nuestra consideración, la ASUME dictó la *Resolución* recurrida el 17 de marzo de 2025, y esta fue notificada el 19 de marzo de 2025. Esa determinación expresa que la parte adversamente afectada por la Orden o Resolución podría solicitar reconsideración al Juez Administrativo, ello, dentro del término allí

---

[12] *Beltrán Cintrón et al v. ELA et al*, 204 DPR 89, 101-102 (2020).
[13] *R&B Power. Inc. v. Junta de Subasta ASG, supra,* pág. 686.
[14] 8 LPRA sec. 510a.
[15] *Íd.*

expuesto. Además, claramente apercibió que **"[l]a solicitud de Reconsideración es un requisito jurisdiccional para poder solicitar Revisión Judicial ante el Tribunal de Apelaciones"**[16]. (Énfasis nuestro.)

Luego de un análisis sosegado del tracto procesal, resulta evidente que el recurrente presentó el recurso de epígrafe **sin antes haber radicado una moción de reconsideración ante la agencia recurrida**, conforme lo establece el Artículo 11-A de la Ley de ASUME, *supra*. Simplemente, el señor Rodríguez recurrió directamente ante este foro apelativo intermedio, ello sin haber cumplido el requisito jurisdiccional de presentar una solicitud de reconsideración para que la ASUME ejerciera su facultad inherente de reajustar o no su *Resolución*.

Sin duda alguna, el Artículo 11-A de la Ley de ASUME, *supra*, es claro y preciso al establecer que **"(...) [s]erá requisito jurisdiccional para poder acudir en revisión judicial, haber solicitado oportunamente la reconsideración de la orden de la cual se recurre"**. Nuestro Máximo Foro ha manifestado que, ante la letra clara de la ley, los tribunales debemos seguir el principio jurídico plasmado en el Artículo 14 del Código Civil de Puerto Rico de que "cuando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu"[17]. Ante el incumplimiento del recurrente respecto al mencionado requisito jurisdiccional incluido en el Artículo 11-A de la Ley de ASUME, *supra*, este Tribunal carece de jurisdicción para atender el presente recurso de *revisión administrativa*. Destacamos que, al haber transcurrido el término para solicitar reconsideración ante la ASUME, la determinación emitida por dicha agencia advino final y firme.

---

[16] Apéndice I del recurso de *Revisión Administrativa*, pág. 8.
[17] 31 LPRA sec. 5341.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, ***desestimamos*** el recurso presentado por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones